# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT JUNIOR MCCULLOUGH,<br><br>        Plaintiff,<br><br>        v.<br><br>DETECTIVE MICHELE LOGAN, *et al.*<br><br>        Defendant. | Case No. 3:20-cv-000233-RRB |

## **ORDER OF DISMISSAL**

On September 23, 2020, Dwight Junior McCullough, a self-represented prisoner, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, along with a Prisoner's Application to Waive the Filing Fee.[1]

Mr. McCullough alleges that his constitutional and civil rights have been violated by Detective Michele Logan, the Anchorage Police Department, and the District Attorney's Office of Anchorage, Alaska.[2] In brief summary, Mr. McCullough alleges that his recent arrest and the criminal charges brought against him lack probable cause and ignore exculpatory evidence.[3] Mr. McCullough alleges that his recent attempted purchase and subsequent repossession of a 2019 Dodge

---

[1] Dockets 1-3.

[2] Docket 1 at 1.

[3] *Id.* at 3–8.

Durango from Lithia Kia are best resolved in a civil setting, not through the criminal system.[4] The Court takes judicial notice of Mr. McCullough's pending criminal case in state court, *State of Alaska v. McCullough*, Case No. 3AN-20-03457CR.[5]

For relief, Mr. McCullough requests (1) $250,000.00 in damages; (2) $700,000.00 in punitive damages; and (3) an order that "defendants refrain from coming near me."[6]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] Id.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[6] Docket 1 at 11.

[7] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 2 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 2 of 9

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

## DISCUSSION

Mr. McCullough alleges claims against Detective Michele Logan, the Anchorage Police Department, and the District Attorney's Office of Anchorage, Alaska, pursuant to 42 U.S.C. § 1983.[11] First, prosecutorial immunity bars Mr. McCullough's claims against the District Attorney's Office. Second, Mr. McCullough's remaining claims are directly attacking the circumstances at

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See* Docket 1.

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 3 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 3 of 9

issue in his current criminal case in state court. In the interest of comity, the Court must abstain from exercising jurisdiction over this matter. Accordingly, the Court dismisses the action for lack of jurisdiction.

I. **Prosecutorial Immunity**

Mr. McCullough seeks to bring suit against the District Attorney's Office of Anchorage, Alaska. The Complaint alleges that "the prosecutor of the State of Alaska overseeing the case has refused to look at the evidence negating me but rather look at my history."[12] The Complaint alleges that Mr. McCullough has "been incarcerated over 5 months and [hasn't] been to court once over this charge, no indictment, no speedy trial, no search warrant to go into my house, seize my car, and no probable cause to arrest me."[13] Further, the Complaint alleges that the "State of Alaska is prosecuting what should have been a civil case, criminally" and that the District Attorney's Office "has allowed this to proceed for over 5 months" without evidence or probable cause, and with "falsified documents to obtain a warrant."[14] Mr. McCullough challenges the arrest warrant, prosecutorial decisions regarding the sufficiency of evidence for an indictment, the general role of the prosecuting entity, and any purported decisions that may have impacted his

---

[12] Docket 1 at 7.

[13] *Id.*

[14] *Id.* at 7–8.

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 4 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 4 of 9

speedy trial rights.[15] He also alleges malicious prosecution and abuse of process, broadly and without detail.[16]

Similar to judicial immunity, prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state performing functions "intimately associated with the judicial phase of the criminal process."[17] Mr. McCullough's claims are deficient primarily because they are rooted in the District Attorney's prosecutorial duties and activities.

A prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[18] Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[19] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying

---

[15] *Id.* at 16; Docket 1-11.

[16] Docket 1 at 7–8.

[17] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[18] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[19] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 5 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 5 of 9

criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[20]

Mr. McCullough's criminal matter in Alaska Superior Court remains ongoing. The general claims against the District Attorney's Office are broad and stem from core duties as a prosecuting entity for which it is immune from suit. Regarding malicious prosecution, Mr. McCullough must conclude his criminal case, and it must be resolved in his favor, before he can bring such a claim. In sum, all of the claims against the District Attorney's Office are deficient to a degree that they must be dismissed without leave to amend, as amendment would be futile.

## II. Abstention

In the two remaining claims, Mr. McCullough alleges harm caused by Detective Logan and the Anchorage Police Department. The Complaint alleges that Detective Logan ignored exculpatory evidence in seeking an arrest warrant of Mr. McCullough.[21] The Complaint also alleges "all actions between Lithia Kia and I all fall under civil procedures for a civil case not criminal. The detective[']s violation of due process is completely and utterly malicious and is clearly an abuse of process and vindictiveness[s] as well."[22] In regards to his claims against

---

[20] *Heck*, 512 at 484.

[21] Docket 1 at 3.

[22] *Id.* at 4.

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 6 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 6 of 9

Anchorage Police Department, Mr. McCullough alleges that all the evidence shows that:

> no criminal representations took place nor any theft or scheme to possess the 2019 Dodge Durango existed nor transcribed. Malice and abuse of process may be inferred due to lack of probable cause. A fraudulent cashiers check received 4-13-2020 that was never cashed but returned as fraudulent bears the burden of protection under the contract sighed 4-10-2020 as it was part of the deferred down payment.[23]

In summary of each remaining claim, Mr. McCullough contests the criminal charges brought against him as investigated and charged by Detective Logan and the Anchorage Police Department.

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[24] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[25]

---

[23] *Id.* at 5.

[24] *Younger v. Harris*, 401 U.S. 37 (1971).

[25] *Id.* at 54.

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves."[26] If the *Younger* doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[27]

At issue, the State of Alaska indicted Mr. McCullough on multiple felonies, including, Scheme to Defraud, a Class B Felony under AS 11.46.600(a)(2); Theft with a Value of More Than $25,000, a Class B Felony under AS 11.46.120; and Forgery of Legal Documents, a Class C Felony under AS 11.46.505(a)(1). Currently, the state criminal matter against Mr. McCullough is ongoing. Additionally, the criminal indictment at issue also has triggered a Petition to Revoke Probation/Parole in Mr. McCullough's prior criminal conviction Case No. 3AN-17-10150CR. The State of Alaska has an important interest in enforcing its laws and the sentences imposed for criminal sanctions. Mr. McCullough has an opportunity to raise and contest federal constitutional matters, including due process matters

---

[26] *San Jose Silicon Valley Chamber of Commerce v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[27] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 8 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 8 of 9

such as probable cause and his arrest warrant. Further, Mr. McCullough will have the opportunity to test the sufficiency of the evidence against him and present any theories regarding contracts and civil liability in front of the Alaska Superior Court. Lastly, Mr. McCullough has requested injunctive relief in the form of an order preventing the defendants from coming near him. But if this Court intervened, it would, in practical effect, enjoin the state matter. Thus, the matter at present fulfills all the requirements for *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction and dismiss the action.

## CONCLUSION

Claim 3 against the District Attorney's Office must be dismissed, because the defendant is immune from suit. The Court must abstain from exercising jurisdiction over Claims 1 and 2 in the interest of comity.

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED** for lack of subject matter jurisdiction.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall enter a final judgment.

DATED this 15th day of December, 2020, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 3:20-cv-00233-RRB, *McCullough v. Logan, et al.*
Order of Dismissal
Page 9 of 9
Case 3:20-cv-00233-RRB   Document 3   Filed 12/15/20   Page 9 of 9